# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9482 | **DATE** | 8/8/2002 |
| **CASE TITLE** | Gateway, Inc. vs. Burlington Northern & Santa Fe RW | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion for judgment on the pleadings as to counts I and II of the complaint [15-1] is granted. It is ordered that counts I and II of plaintiff's complaint are dismissed with prejudice. Status hearing set for 9/18/02 at 9:00 a.m. in courtroom 2214. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 8 2002 | 26 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CDY | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 8/8/2002 | |
| KF | courtroom deputy's initials | 02 AUG -8 PM 1:56 | date mailed notice KF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GATEWAY, INC., a corporation, )
)
        Plaintiff, )
v. ) Case No. 01 C 9482
)
THE BURLINGTON NORTHERN AND )
SANTA FE RAILWAY COMPANY, )
a corporation, )
)
        Defendant. )

**DOCKETED**

AUG 0 8 2002

**MEMORANDUM OPINION AND ORDER**

MICHAEL T. MASON, Magistrate Judge:

Plaintiff, Gateway, Inc., filed a three count complaint against defendant, The Burlington Northern and Santa Fe Railway Company ("Burlington"), alleging breach of contract (Count I), negligence for damage to a shipment of computers and computer-related equipment (Count II), and violation of the Carmack Amendment (49 U.S.C. § 11706) (Count III). The defendant moved for judgment on the pleadings as to Count I and II of the complaint, arguing that they are preempted by the Carmack Amendment. After reviewing the parties' arguments, we grant the defendant's motion and dismiss the first two counts of the complaint.

The plaintiff, Gateway, Inc., a corporation that manufactures and sells computers and computer equipment, contracted with United Parcel Service ("UPS") to ship computers and related goods to various retail stores for sale. UPS, in turn, arranged for rail transportation of the goods by Burlington, pursuant to an October 12, 1992 contract between UPS and Burlington. On December 12, 2000, at Salt Lake City, Utah and Omaha, Nebraska, Burlington received cargoes of computers



and computer-related equipment for transport. The defendant was to carry the cargoes from Salt Lake City and Omaha to Chicago, Illinois. One of the defendant's trains carrying Gateway equipment derailed near Red Oak, Iowa, causing damage and loss to the computers and equipment. According to the plaintiff, it has incurred damages of $2,450,761.02, no part of which has been paid despite the plaintiff's demand.

On December 12, 2001, plaintiff initiated this action for breach of contract, negligence and liability under the Carmack Amendment. Pursuant to Fed.R.Civ.P. 12(c), the defendant moved for judgment on the pleadings as to Counts I and II of the complaint, arguing that the Carmack Amendment preempts them. For the reasons stated below, we grant the defendant's motion for judgment on the pleadings, and find that the first two counts of the complaint are preempted by the Carmack Amendment.

**Analysis**

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) may only be granted if no material issues of fact remain to be resolved between the parties. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1986). In this case, the parties do agree about all material facts. The plaintiff incorrectly suggests that there is a question of fact about defendant's status as a common carrier, and that because of the discrepancy, it is inappropriate to rule on the merits of Counts I and II pursuant to Rule 12 (c). However, the defendant did admit its common carrier status in its answer to the complaint (¶ 2) and in its reply to plaintiff's response to defendant's motion for judgment on the pleadings. Since

there are no factual disputes, we will review the motion under the standards of Rule 12(c).

In a 12(c) motion, the district court should view all facts in the light most favorable to the non-moving party, and may grant the motion only if "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991). The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Id at* 1581. After reviewing all of the undisputed facts in a light most favorable to the plaintiff, we grant the defendant's motion for judgment on the pleadings because the plaintiff's breach of contract and negligence claims are preempted.

### The Carmack Amendment

Defendant argues that the Carmack Amendment preempts plaintiff's breach of contract and negligence claims. "Federal law preempts state and common law when Congress expressly provides that the federal law supplants state authority in a particular field, or when its intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act." *Shao v. Link Cargo (Taiwan), Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993); *citing Rice v. Sante Fe Elevator Corp.*, 331 U.S. 218, 230. "Preemption may also be inferred where state legislation would impede the purposes and objectives of legislation enacted by Congress." *Id*.

The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, and addresses the liability of common carriers for

3

goods lost or damaged during a shipment over which the Interstate Commerce Commission has jurisdiction. *Id.* The Amendment states, among other things, that a carrier transporting property must issue a bill of lading or a receipt to the shipper of the goods, and the carrier is liable for loss of or injury to the property to whichever entity is entitled to recover under the bill of lading.[1]

The United States Supreme Court has long interpreted the Carmack Amendment as manifesting Congress' intent to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading. *Id.* The preemptive scope of the Carmack Amendment is described in *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913), in which the Court stated that "almost every detail of the subject of the liability of a carrier is covered so completely by the Carmack Amendment that there can be no rational doubt but that Congress intended to take possession of the subject and supercede all state regulation with reference to it." The Court also said further that to allow state regulations to affect the liability of carriers "would be to revert to the uncertainties and diversities of rulings which led to the amendment." *Id.* at 506.

Every circuit court that has considered the preemption issue has relied upon the Court's reasoning in *Adam's Express* to likewise conclude that the Carmack Amendment preempts a shipper's state and common law claims of breach of

---

[1] 49 U.S.C. § 11707 provides in relevant part:
(a)(1) A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission... shall issue a receipt or bill of lading for property it receives for transportation... That carrier...and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose line or route the property is transported in the United States.

4

contract and negligence for goods lost or damaged by a carrier during interstate shipment under a valid bill of lading. See *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992) ("The Carmack Amendment provides the exclusive remedy" for "an action for damages against the delivering carrier"); *Hughes v. United Van Lines*, 829 F.2d 1407, 1415 (7th Cir. 1987).

Gateway argues that since Burlington has not admitted its common carrier status, it may in fact have transported the cargoes pursuant to a contract governed by 49 U.S.C. § 10709 instead of the Carmack Amendment, making the common law claims viable. Pursuant to 49 U.S.C. § 10709, a rail carrier is allowed to enter into a contract with a shipper to provide specified services at specified rates. Any liability for loss under such a contract flows directly from the terms of the contract and not the Carmack Amendment, which no longer governs the relationship. See *Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd.* No. CV 96-9123-MMM (VAPX), 1999 WL 1122998 (C.D.Cal., June 18, 1999). The purpose of the statute is to allow carriers – in certain situations – to avoid federal oversight and control of rail contracts. See *Dow Chemical Co. v. Union Pacific Corp.*, 8 F.Supp.2d 940, 941 (S.D.Tex. 1998).

Gateway's argument must fail. First, Burlington did admit its common carrier status, and even had it not, the applicability of 49 U.S.C. § 10709 itself requires the defendant to be a common carrier by railroad in interstate commerce. Next, even reading Gateway's complaint in the light most favorable to it, there is no mention of any facts that support an inference that the relationship between Gateway and Burlington is governed by 49 U.S.C. § 10709. Even in its brief, Gateway does not

5

argue that the parties' relationship is governed by § 10709, only that it could be. And a bigger problem for Gateway is that it adduces no law (and we can find none) supporting the argument that a relationship governed by § 10709 may also be subject to the Carmack amendment, since the Carmack amendment provides for absolute liability for actual loss or injury to property. *Hughes Aircraft Co. v. North Am. Van Lines, Inc.*, 970 F.2d 609, 611 (9th Cir. 1992).[2] Thus, if § 10709 did govern the relationship between the parties, plaintiff's Carmack Amendment cause of action would not be allowed to stand.

## Conclusion

For the reasons stated above, we grant Burlington's motion for judgment on the pleadings as to counts I and II of the complaint. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: August 8, 2002

---

[2] In its reply brief, Burlington mentions another section of the Interstate Commerce Act that provides a limitation of liability for common carriers in certain situations – 49 U.S.C. § 10502. This section deals with exemptions for certain rail transportation from regulation by the Surface Transportation Board, and Burlington argues that the transportation at issue here is exempt, and thus not subject to § 10709. We were not able to find any cases that dealt with this exact situation, or that discussed § 10709 in the context of § 10502. However, even without considering Burlington's exempt status, we find that § 10709 does not apply to this situation.

6